MAGINN v. STANDARD EQUIPMENT CO.

(Circuit Court of Appeals, Seventh Circuit. October 2, 1906.)

No. 1,267.

1. JUDGMENTS—AMENDMENT OF DECREE—PRESUMPTION OF VALIDITY.

An amendment of a decree by a court of general jurisdiction is presumably within its powers and made before the expiration of the term at which the cause was finally disposed of; and such an amendment of a decree in a suit by a wife for separate maintenance, merely correcting the numbers of certain letters patent, an interest in which was decreed to the wife, and as to which numbers no issue was taken, made on motion to correct the decree to conform to the proofs, is not void nor subject to collateral attack, although entered at a term subsequent to the decree, where the record does not show affirmatively that such decree was a final disposition of the case.

2. SAME — DESCRIPTION OF PROPERTY — SUFFICIENCY — PATENTS — TRANSFER OF TITLE BY DECREE.

A patent is sufficiently identified in a decree by giving the number and name of the patentee, and the decree is not rendered void for uncertainty because the description of the invention is not given in the language of the title head of the patent, which is merely used for the purposes of classification in the Patent Office.

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

J. J. McClellan, for appellant.
Pliny B. Smith, for appellee.

Before BAKER and SEAMAN, Circuit Judges, and QUARLES, District Judge.

BAKER, Circuit Judge. Appellee, asserting title to half of patent No. 415,212, issued on November 19, 1889, to appellant, brought suit for infringement against Ryerson, and made appellant as owner of the other half an adversary by alleging his refusal to join as a complainant. The invention "relates to improvements in a water system supplying buildings and manufacturing plants with water for protection against fire." The title head of the patent is "Water System for Protecting Buildings against Fire."

Appellant filed a plea in which he claimed title to the whole as the legal effect of the facts set forth. The plea was held insufficient, and appellant declined to plead further. From the resulting decree this appeal is prosecuted.

The question of title depends on the validity of certain proceedings in the circuit court of Cook county, Ill., which are incorporated in the plea.

From these it appears that in 1892 Gertrude Maginn, then wife of appellant, instituted suit against him for separate maintenance and for the settlement of financial dealings between them. Respecting the latter, her bill alleged: That in consideration of her supporting him and furnishing money for completing and patenting inventions upon which he was at work he agreed that he would assign to her a half interest in the patents. That among other things, he devised an automatic fire extinguisher and he represented four patents would be required to protect it. That he obtained patents, among others, as follows: Automatic fire extinguisher, patent No. 425,333; water valve, patent No.

145,212. That she had carried out the agreement on her part, while he had failed and refused. There was a prayer for such relief as equity might require.

Maginn's answer to this part of the bill denied that he ever promised her a half interest or any interest whatsoever in any of the patentable devices of which he was the inventor, or in any device which he had ever had patented; and, while admitting that he had been working at various devices as she said, among others "a device on an automatic fire extinguisher which required patents to protect it," failed to take issue respecting the correct numbers of the patents.

The decree, entered November 20, 1894, following the bill, ordered the conveyance of a half interest in "automatic fire extinguisher, patent No. 425,333; water valve, patent No. 145,212."

At the following January term, on February 14, 1895, "without any amendment of said bill and without making or filing any further pleadings or allegations in said cause" (according to the averment of the present plea), the following decretal order was entered:

"This cause coming on to be heard upon motion of the solicitor for the complainant to amend the decree entered in said cause on November 20, 1894, and it appearing to the court that in said decree certain numbers to letters patents were by error and inadvertence of the scrivener incorrectly stated, and it further appearing to the court that in the master's report the numbers of said letters patent were incorrectly stated for the reason aforesaid, it is therefore ordered, adjudged and decreed that said master's report and said decree be amended by striking out of the same the numbers of the patents mentioned in said decree and said master's report and in lieu thereof inserting * * * after the words 'automatic fire extinguisher patent No.' the figures 415,212, and after the words 'water valve patent No.' the figures 425,333, and that in all other respects the said master's report and said decree shall remain the same."

The master's conveyance described the patents as "water system for protecting buildings against fire, No. 415,212," and "automatic water valve, No. 425,333."

The questions are these: Is the amended decree void? Are the words "automatic fire extinguisher, patent No. 415,212," a sufficient description?

1. The circuit court of Cook county is a court of general jurisdiction; that is, its right to act is presumed. Its lack of right must appear affirmatively from the record, cannot be shown collaterally.

The bill of complaint and the motion were sufficient to support the amended decree if it had been entered at the November term. The controversy between Mr. and Mrs. Maginn was over the question whether she had furnished money to keep him at work, for which he had agreed to convey to her a half interest in resulting patents. Subordinately, if this primary issue were determined in her favor, it would be necessary to show what patents had resulted. The bill described the patents in general terms, but transposed certain numbers, 425,333 being given to the automatic extinguisher patent instead of 415,212, and 145,212 (415,212) to the water valve patent instead of 425,333. So far as appears, and therefore presumptively, Maginn made no objection to proof which showed the numbers correctly. His objection now under consideration is that the amendment is void as matter not within the issues. At most, the alleged defect is a mere variance which could have been cured on motion to conform the pleadings to the

proofs, and which, even on direct appeal, might well be deemed cured on account of Maginn's inability to show that he was prejudiced or misled in his defense. But the variance becomes utterly negligible when it is remembered that the amendment is based not merely on the bill, but also on the motion to correct the decree to correspond with the proofs. On the hypothesis that Maginn was yet in court when the motion was made, it tendered him the issue as to the correct numbers as fully as if a formal amendment of the bill had been presented.

But, Maginn further objects, the decree could not be amended at a subsequent term. This assumes that the case was closed with the term at which the original decree was entered. The record does not affirmatively show when the motion was made. But, according to the presumptions which must be regarded, it was made while the cause was still in fieri and when Maginn was present, and was carried to the January term for final disposition.

2. The amended decree identifies the patent in suit by giving the name of the inventor and patentee, the serial number, and a description as being "an automatic fire extinguisher." The alleged uncertainty or ambiguity arises from the fact, stated in the plea, that in the art pertaining to the automatic extinguishment of fires the term "automatic fire extinguisher" is confined to sprinkle heads, while the patent in suit is not for a sprinkler-head, but for a device properly classified under the head of "water systems for protecting buildings against fires." The contention is that the means and the only means of identifying a patent is by its title head. We are of the opinion that the short description in the title head is required for the purposes of Patent Office classification, that a conveyance by reference to the title head alone would be uncertain because applicable to any of the class, and that the name of the patentee and the serial number afford a clear and definite description. There can be but the one Maginn patent numbered 415,212.

It is needless to consider whether the master was justified in putting into the conveyance descriptive words not found in the decree as amended.

The decree herein appealed from is affirmed.